UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                          )
NICOLE PHILLIPS, CAROLINE                 )
CHRISTIAN, SEAN SULLIVAN,                 )
JODY THOMPSON, MARGO                      )
GORCZYNSKI, JODIE TROTTO,                 )
JENNIFER LEVESQUE,                        )
LEVI PERKINS, GINA VELTRI,                )
and CHRISTINE GAGIELO,                    )
      Plaintiffs                  )          CIVIL ACTION NO.
                                          )
v.                                        )
                                          )
ADLIFE MARKETING AND                      )
COMMUNICATIONS COMPANY, INC.              )
and JOEL M. ALBRIZIO,                     )
      Defendants                  )
_____  )

**COMPLAINT AND JURY DEMAND**

**I.      INTRODUCTORY STATEMENT**

      The plaintiffs either were or remain employed by the defendants.  The plaintiffs regularly worked in excess of 40 hours per week and were not compensated at one and one-half times their regular rate of pay for their overtime hours.


**II.     PARTIES**

      1.      Plaintiff Nicole Phillips ("Ms. Phillips") is a natural person who resides in Canton, Norfolk County, Massachusetts.  She was employed by the defendant, Adlife Marketing and Communications Company, Inc., as a Proofreader at the company's facility in Norwood, MA, from 2000 through 2012.

      2.      Plaintiff Caroline Christian ("Ms. Christian") is a natural person who resides in Abington, Plymouth County, Massachusetts.  She was employed by the

defendant, Adlife Marketing and Communications Company, Inc., as a Graphic Designer at the company's facility in Norwood, MA, from 2006 through 2012.

3.      Plaintiff Sean Sullivan ("Mr. Sullivan") is a natural person who resides in Weymouth, Norfolk County, Massachusetts.  He is still employed by the defendant, Adlife Marketing and Communications Company, Inc., as a Graphic Artist at the company's facility in Norwood, MA, beginning in 1998.

4.      Plaintiff Jody Thompson ("Ms. Thompson") is a natural person who resides in Canton, Norfolk County, Massachusetts.  She was employed by the defendant, Adlife Marketing and Communications Company, Inc., in the Production Department, and occasionally as a Proofreader, at the company's facility in Norwood, MA, from 2004 through 2012.

5.      Plaintiff Margo Gorczynski ("Ms. Gorczynski") is a natural person who resides in Dudley, Worcester County, Massachusetts.  She is still employed by the defendant, Adlife Marketing and Communications Company, Inc., as a Graphic Designer at the company's facility in Norwood, MA, beginning in 1994.

6.      Plaintiff Jodie Trotto ("Ms. Trotto") is a natural person who resides in Indian Trail, Union County, North Carolina.  She was employed by the defendant, Adlife Marketing and Communications Company, Inc., as a Graphic Designer and Digital Image specialist at the company's facility in Norwood, MA, from 1994 through 2012.

7.      Plaintiff Jennifer Levesque ("Ms. Levesque") is a natural person who resides in Taunton, Bristol County, Massachusetts.  She is still employed by the defendant, Adlife Marketing and Communications Company, Inc.  She was initially hired as a Proofreader at the company's facility in Norwood, MA, beginning in 2007. Her current role is as a Production Artist at the company's facility in Warwick, RI.

8.      Plaintiff Levi Perkins ("Mr. Perkins") is a natural person who resides in East Providence, Providence County, Rhode Island.  He is still employed by the defendant, Adlife Marketing and Communications Company, Inc., as a Graphic Designer at the company's facility in Warwick, RI, beginning in 2010.

9.      Plaintiff Gina Veltri ("Ms. Veltri") is a natural person who resides in Providence, Providence County, Rhode Island.  She was employed by the defendant, Adlife Marketing and Communications Company, Inc., as a Production Artist and Graphic Designer at the company's facility in Norwood, MA, from 2008 through 2011.

10.     Plaintiff Christine Gagielo ("Ms. Gagielo") is a natural person who resides in North Attleboro, Bristol County, Massachusetts.  She was employed by the defendant, Adlife Marketing and Communications Company, Inc., as a Graphic Designer at the company's facility in Norwood, MA, from 2004 through 2012.

11.     Defendant, Adlife Marketing and Communications Company, Inc. ("Adlife"), is a corporation organized under the laws of the Commonwealth of Massachusetts with a principal place of business at 555 University Avenue, Norwood, Norfolk County, Massachusetts.

12.     Defendant Joel M. Albrizio ("Mr. Albrizio") is a natural person who, on information and belief, resides in Mashpee, Barnstable County, Massachusetts and is the President of Adlife Marketing and Communications Company, Inc.


III.    **JURISDICTION**

13.     This Court has jurisdiction to address the subject matter of this action pursuant to Section 17 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.) ("FLSA").

IV.   **ALLEGATIONS OF FACT**

14.    Ms. Phillips was employed by the defendants on or about August 1, 2000, to work as a Proofreader.  Her employment was terminated November of 2012.

15.    During the course of her employment, Ms. Phillips regularly worked in excess of 40 hours per week and was not compensated in an amount equal to one and one-half times her regular rate of pay for her overtime hours.

16.    Ms. Christian was employed by the defendants on or about June 5, 2006, to work as a Graphic Designer.  Her employment was terminated on or about August 16, 2012.

17.    During the course of her employment, Ms. Christian regularly worked in excess of 40 hours per week and was not compensated in an amount equal to one and one-half times her regular rate of pay for her overtime hours.

18.    Mr. Sullivan was employed by the defendants on or about April 17, 1998, to work as a Graphic Artist.  He is still employed by the defendants.

19.    During the course of his employment, Mr. Sullivan has regularly worked in excess of 40 hours per week and has not been compensated in an amount equal to one and one-half times his regular rate of pay for his overtime hours.

20.    Ms. Thompson was employed by the defendants on or about December 20, 2004, to work in the Production Department, and occasionally as a Proofreader.  Her employment was terminated on or about December 7, 2012.

21.    During the course of her employment, Ms. Thompson regularly worked in excess of 40 hours per week and was not compensated in an amount equal to one and one-half times her regular rate of pay for her overtime hours.

22.    Ms. Gorczynski was employed by the defendants in 1994 to work as a Graphic Designer.  She is still employed by the defendants.

4

23.     During the course of her employment, Ms. Gorczynski has regularly worked in excess of 40 hours per week and has not been compensated in an amount equal to one and one-half times her regular rate of pay for her overtime hours.

24.     Ms. Trotto was employed by the defendants in May of 1994, to work as a Graphic Designer.  Her employment was terminated in May of 2012.

25.     During the course of her employment, Ms. Trotto regularly worked in excess of 40 hours per week and was not compensated in an amount equal to one and one-half times her regular rate of pay for her overtime hours.

26.     Ms. Levesque was employed by the defendants in November of 2007, to work as a Proofreader and later transitioned into the position of Production Artist. She is still employed by the defendants.

27.     During the course of her employment, Ms. Levesque regularly worked in excess of 40 hours per week and was not compensated in an amount equal to one and one-half times her regular rate of pay for her overtime hours.

28.     Mr. Perkins was employed by the defendants on or about November 21, 2010, to work as a Graphic Designer.  He is still employed by the defendants.

29.     During the course of his employment, Mr. Perkins regularly worked in excess of 40 hours per week and was not compensated in an amount equal to one and one-half times his regular rate of pay for his overtime hours.

30.     Ms. Veltri was employed by the defendants in January of 2008, to work as a Production Artist and Graphic Designer.  Her employment was terminated in August of 2011.

31.     During the course of her employment, Ms. Veltri regularly worked in excess of 40 hours per week and was not compensated in an amount equal to one and one-half times her regular rate of pay for her overtime hours.

32.     Ms. Gagielo was employed by the defendants in 2004, to work as a Graphic Designer.  Her employment was terminated in April of 2012.

33.     During the course of her employment, Ms. Gagielo regularly worked in excess of 40 hours per week and was not compensated in an amount equal to one and one-half times her regular rate of pay for her overtime hours.

34.     In 2001, the Wage and Hour Division of the United States Department of Labor ("USDOL") investigated Adlife's overtime practices, and ordered Adlife to pay certain employees an approximate total of $20,000.00 in unpaid overtime premium compensation.  Mr. Albrizio was part-owner and acting as general manager at that time.

35.     In 2003, USDOL re-investigated Adlife and concluded that formerly salaried employees were now being paid on an hourly basis and received one and one-half times their respective hourly rates for hours worked over 40 in the work week. As a result, the USDOL concluded that the firm was in compliance, and ordered that no further action be taken.

36.     In 2011, Mr. Albrizio, still in daily control over the day-to-day operations of Adlife in his capacity as sole owner of Adlife, changed approximately 34 employees (including the plaintiffs) from hourly pay back to salary.

37.     In late 2012, the USDOL re-investigated Adlife, and concluded that the reversion to the payment of salaries with no additional overtime payments for hours worked over 40 was simply a recurring violation and disclosed the same overtime violations revealed in the 2001 investigation in violation of § 7 of the FLSA. Subsequently, the USDOL requested that Adlife repay a total of approximately $38,000.00 to approximately 34 employees.

6

38.     To date, Adlife has refused to pay any of that money, thereby willfully disregarding the findings of the USDOL and its obligations under the FLSA.

39.     Consequently, on or about July 9, 2013, all of the affected employees, including the plaintiffs, received letters from the USDOL, stating that while Adlife was refusing to pay, USDOL was "declining to litigate this violation," due to insufficient agency "resources."  However, the letter stated that employees could bring private actions against Adlife under the FLSA "to recover unpaid minimum wages or unpaid overtime compensation owed..."

40.     In an office wide email sent by Mr. Albrizio on or about July 12, 2013, he stated in part that the government had "made a mistake," and that "[i]f the U.S. Department of Labor thought that they were correct, they would have pursued litigation or further negotiations themselves on your behalf, had we refused to cooperate as their letter claims."


## V.      CAUSES OF ACTION


### COUNT I – NON-PAYMENT OF OVERTIME WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. 201, ET SEQ.
### (as to plaintiff Nicole Phillips)

41.     The plaintiff hereby realleges and incorporates by reference the facts and allegations contained in the preceding paragraphs of this pleading as if fully set forth herein.

42.     Adlife Marketing and Communications Company, Inc. is and at all times material hereto has been an "enterprise" within the meaning of Section 3(r) of the FLSA, and an "enterprise engaged in commerce or in production of goods for commerce," within the meaning of Section 3(s) of the FLSA.

43.     Adlife was at all times material hereto an employer of Ms. Phillips for purposes of the FLSA.

44.     Mr. Albrizio has been, at all times material hereto, an employer of Ms. Phillips for purposes of the FLSA.

45.     The defendants' failure to pay Ms. Phillips overtime wages was done either willfully or with reckless disregard of the FLSA.

46.     The defendants' violation of the FLSA entitles Ms. Phillips to her unpaid overtime wages, interest, liquidated damages (in an amount equal to her unpaid overtime wages), reasonable attorney's fees, and the costs of pursuing this action.

## COUNT II – NON-PAYMENT OF WAGES IN VIOLATION OF M.G.L. c. 149, §§ 148, 150 (as to plaintiff Nicole Phillips)

47.     The plaintiff hereby realleges and incorporates by reference the facts and allegations contained in the preceding paragraphs of this pleading as if fully set forth herein.

48.     The defendants failed to pay the plaintiff the full amount of her earned wages when the same became due and payable.

49.     The defendants violated the Massachusetts Weekly Payment of Wages Act, M.G.L. c. 149, §§ 148, 150.

50.     The plaintiff has received written assent to bring this civil action from the Massachusetts Office of the Attorney General, pursuant to M.G.L. c. 149, § 150, which is attached hereto and marked as Exhibit A.

51.     The defendants' failure to comply with M.G.L. c. 149, §§ 148, 150 entitles the plaintiff to recover treble damages, interest, reasonable attorney's fees, and the costs of this action, pursuant to M.G.L. c. 149, § 150.

**COUNT III – NON-PAYMENT OF OVERTIME WAGES IN VIOLATION OF
THE FAIR LABOR STANDARDS ACT, 29 U.S.C. 201, ET SEQ.
(as to plaintiff Caroline Christian)**

52.     The plaintiff hereby realleges and incorporates by reference the facts and allegations contained in the preceding paragraphs of this pleading as if fully set forth herein.

53.     Adlife Marketing and Communications Company, Inc. is and at all times material hereto has been an "enterprise" within the meaning of Section 3(r) of the FLSA, and an "enterprise engaged in commerce or in production of goods for commerce" within the meaning of Section 3(s) of the FLSA.

54.     Adlife was at all times material hereto has been an employer of Ms. Christian for purposes of the FLSA.

55.     Mr. Albrizio has been, at all times material hereto, an employer of Ms. Christian for purposes of the FLSA.

56.     The defendants' failure to pay Ms. Christian overtime wages was done either willfully or with reckless disregard of the FLSA.

57.     The defendants' violation of the FLSA entitles Ms. Christian to her unpaid overtime wages, interest, liquidated damages (in an amount equal to her unpaid overtime wages), reasonable attorney's fees, and the costs of pursuing this action.

**COUNT IV – NON-PAYMENT OF WAGES IN VIOLATION OF
M.G.L. c. 149, §§ 148, 150 (as to plaintiff Caroline Christian)**

58.     The plaintiff hereby realleges and incorporates by reference the facts and allegations contained in the preceding paragraphs of this pleading as if fully set forth herein.

59.     The defendants failed to pay the plaintiff the full amount of her earned wages when the same became due and payable.

60.     The defendants violated the Massachusetts Weekly Payment of Wages Act, M.G.L. c. 149, §§ 148, 150.

61.     The plaintiff has received written assent to bring this civil action from the Massachusetts Office of the Attorney General, pursuant to M.G.L. c. 149, § 150, which is attached hereto and marked as Exhibit A.

**COUNT V – NON-PAYMENT OF OVERTIME WAGES IN VIOLATION OF
THE FAIR LABOR STANDARDS ACT, 29 U.S.C. 201, ET SEQ.
(as to plaintiff Sean Sullivan)**

62.     The plaintiff hereby realleges and incorporates by reference the facts and allegations contained in the preceding paragraphs of this pleading as if fully set forth herein.

63.     Adlife Marketing and Communications Company, Inc. is and at all times material hereto has been an "enterprise" within the meaning of Section 3(r) of the FLSA, and an "enterprise engaged in commerce or in production of goods for commerce," within the meaning of Section 3(s) of the FLSA.

64.     Adlife was at all times material hereto an employer of Mr. Sullivan for purposes of the FLSA.

65.     Mr. Albrizio has been, at all times material hereto, an employer of Mr. Sullivan for purposes of the FLSA.

66.     The defendants' failure to pay Mr. Sullivan overtime wages was done either willfully or with reckless disregard of the FLSA.

10

67.    The defendants' violation of the FLSA entitles Mr. Sullivan to his unpaid overtime wages, interest, liquidated damages (in an amount equal to his unpaid overtime wages), reasonable attorney's fees, and the costs of pursuing this action.

**COUNT VI – NON-PAYMENT OF WAGES IN VIOLATION OF M.G.L. c. 149, §§ 148, 150 (as to plaintiff Sean Sullivan)**

68.    The plaintiff hereby realleges and incorporates by reference the facts and allegations contained in the preceding paragraphs of this pleading as if fully set forth herein.

69.    The defendants failed to pay the plaintiff the full amount of his earned wages when the same became due and payable.

70.    The defendants violated the Massachusetts Weekly Payment of Wages Act, M.G.L. c. 149, §§ 148, 150.

71.    The plaintiff has received written assent to bring this civil action from the Massachusetts Office of the Attorney General, pursuant to M.G.L. c. 149, § 150, which is attached hereto and marked as Exhibit A.

**COUNT VII – NON-PAYMENT OF OVERTIME WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. 201, ET SEQ. (as to plaintiff Jody Thompson)**

72.    The plaintiff hereby realleges and incorporates by reference the facts and allegations contained in the preceding paragraphs of this pleading as if fully set forth herein.

73.    Adlife Marketing and Communications Company, Inc. is and at all times material hereto has been an "enterprise" within the meaning of Section 3(r) of the FLSA, and an "enterprise engaged in commerce or in production of goods for commerce," within the meaning of Section 3(s) of the FLSA.

11

74.     Adlife was at all times material hereto an employer of Ms. Thompson for purposes of the FLSA.

75.     Mr. Albrizio has been, at all times material hereto, an employer of Ms. Thompson for purposes of the FLSA.

76.     The defendants' failure to pay Ms. Thompson overtime wages was done either willfully or with reckless disregard of the FLSA.

77.     The defendants' violation of the FLSA entitles Ms. Thompson to her unpaid overtime wages, interest, liquidated damages (in an amount equal to her unpaid overtime wages), reasonable attorney's fees, and the costs of pursuing this action.


**COUNT VIII – NON-PAYMENT OF WAGES IN VIOLATION OF
M.G.L. c. 149, §§ 148, 150 (as to plaintiff Jody Thompson)**


78.     The plaintiff hereby realleges and incorporates by reference the facts and allegations contained in the preceding paragraphs of this pleading as if fully set forth herein.

79.     The defendants failed to pay the plaintiff the full amount of her earned wages when the same became due and payable.

80.     The defendants violated the Massachusetts Weekly Payment of Wages Act, M.G.L. c. 149, §§ 148, 150.

81.     The plaintiff has received written assent to bring this civil action from the Massachusetts Office of the Attorney General, pursuant to M.G.L. c. 149, § 150, which is attached hereto and marked as Exhibit A.

**COUNT IX – NON-PAYMENT OF OVERTIME WAGES IN VIOLATION OF
THE FAIR LABOR STANDARDS ACT, 29 U.S.C. 201, ET SEQ.
(as to plaintiff Margo Gorczynski)**

82.     The plaintiff hereby realleges and incorporates by reference the facts and allegations contained in the preceding paragraphs of this pleading as if fully set forth herein.

83.     Adlife Marketing and Communications Company, Inc. is and at all times material hereto has been an "enterprise" within the meaning of Section 3(r) of the FLSA, and an "enterprise engaged in commerce or in production of goods for commerce," within the meaning of Section 3(s) of the FLSA.

84.     Adlife was at all times material hereto an employer of Ms. Gorczynski for purposes of the FLSA.

85.     Mr. Albrizio has been, at all times material hereto, an employer of Ms. Gorczynski for purposes of the FLSA.

86.     The defendants' failure to pay Ms. Gorczynski overtime wages was done either willfully or with reckless disregard of the FLSA.

87.     The defendants' violation of the FLSA entitles Ms. Gorczynski to her unpaid overtime wages, interest, liquidated damages (in an amount equal to her unpaid overtime wages), reasonable attorney's fees, and the costs of pursuing this action.


**COUNT X – NON-PAYMENT OF WAGES IN VIOLATION OF
M.G.L. c. 149, §§ 148, 150 (as to plaintiff Margo Gorczynski)**

88.     The plaintiff hereby realleges and incorporates by reference the facts and allegations contained in the preceding paragraphs of this pleading as if fully set forth herein.

89.     The defendants failed to pay the plaintiff the full amount of her earned wages when the same became due and payable.

90.     The defendants violated the Massachusetts Weekly Payment of Wages Act, M.G.L. c. 149, §§ 148, 150.

91.     The plaintiff has received written assent to bring this civil action from the Massachusetts Office of the Attorney General, pursuant to M.G.L. c. 149, § 150, which is attached hereto and marked as Exhibit A.

**COUNT XI – NON-PAYMENT OF OVERTIME WAGES IN VIOLATION OF
THE FAIR LABOR STANDARDS ACT, 29 U.S.C. 201, ET SEQ.
(as to plaintiff Jodie Trotto)**

92.     The plaintiff hereby realleges and incorporates by reference the facts and allegations contained in the preceding paragraphs of this pleading as if fully set forth herein.

93.     Adlife Marketing and Communications Company, Inc. is and at all times material hereto has been an "enterprise" within the meaning of Section 3(r) of the FLSA, and an "enterprise engaged in commerce or in production of goods for commerce," within the meaning of Section 3(s) of the FLSA.

94.     Adlife was at all times material hereto an employer of Ms. Trotto for purposes of the FLSA.

95.     Mr. Albrizio has been, at all times material hereto, an employer of Ms. Trotto for purposes of the FLSA.

96.     The defendants' failure to pay Ms. Trotto overtime wages was done either willfully or with reckless disregard of the FLSA.

97.     The defendants' violation of the FLSA entitles Ms. Trotto to her unpaid overtime wages, interest, liquidated damages (in an amount equal to her unpaid overtime wages), reasonable attorney's fees, and the costs of pursuing this action.


**COUNT XII – NON-PAYMENT OF WAGES IN VIOLATION OF
M.G.L. c. 149, §§ 148, 150 (as to plaintiff Jodie Trotto)**

98.     The plaintiff hereby realleges and incorporates by reference the facts and allegations contained in the preceding paragraphs of this pleading as if fully set forth herein.

99.     The defendants failed to pay the plaintiff the full amount of her earned wages when the same became due and payable.

100.    The defendants violated the Massachusetts Weekly Payment of Wages Act, M.G.L. c. 149, §§ 148, 150.

101.    The plaintiff has received written assent to bring this civil action from the Massachusetts Office of the Attorney General, pursuant to M.G.L. c. 149, § 150, which iS attached hereto and marked as Exhibit A.


**COUNT XIII – NON-PAYMENT OF OVERTIME WAGES IN VIOLATION OF
THE FAIR LABOR STANDARDS ACT, 29 U.S.C. 201, ET SEQ.
(as to plaintiff Jennifer Levesque)**

102.    The plaintiff hereby realleges and incorporates by reference the facts and allegations contained in the preceding paragraphs of this pleading as if fully set forth herein.

103.    Adlife Marketing and Communications Company, Inc. is and at all times material hereto has been an "enterprise" within the meaning of Section 3(r) of the FLSA, and an "enterprise engaged in commerce or in production of goods for commerce," within the meaning of Section 3(s) of the FLSA.

15

104.    Adlife was at all times material hereto an employer of Ms. Levesque for purposes of the FLSA.

105.    Mr. Albrizio has been, at all times material hereto, an employer of Ms. Levesque for purposes of the FLSA.

106.    The defendants' failure to pay Ms. Levesque overtime wages was done either willfully or with reckless disregard of the FLSA.

107.    The defendants' violation of the FLSA entitles Ms. Levesque to her unpaid overtime wages, interest, liquidated damages (in an amount equal to her unpaid overtime wages), reasonable attorney's fees, and the costs of pursuing this action.

### COUNT XIV – NON-PAYMENT OF WAGES IN VIOLATION OF M.G.L. c. 149, §§ 148, 150 (as to plaintiff Jennifer Levesque)

108.    The plaintiff hereby realleges and incorporates by reference the facts and allegations contained in the preceding paragraphs of this pleading as if fully set forth herein.

109.    The defendants failed to pay the plaintiff the full amount of her earned wages when the same became due and payable.

110.    The defendants violated the Massachusetts Weekly Payment of Wages Act, M.G.L. c. 149, §§ 148, 150.

111.    The plaintiff has received written assent to bring this civil action from the Massachusetts Office of the Attorney General, pursuant to M.G.L. c. 149, § 150, which is attached hereto and marked as Exhibit A.

**COUNT XV – NON-PAYMENT OF OVERTIME WAGES IN VIOLATION OF
THE FAIR LABOR STANDARDS ACT, 29 U.S.C. 201, ET SEQ.
(as to plaintiff Levi Perkins)**

112.   The plaintiff hereby realleges and incorporates by reference the facts and allegations contained in the preceding paragraphs of this pleading as if fully set forth herein.

113.   Adlife Marketing and Communications Company, Inc. is and at all times material hereto has been an "enterprise" within the meaning of Section 3(r) of the FLSA, and an "enterprise engaged in commerce or in production of goods for commerce," within the meaning of Section 3(s) of the FLSA.

114.   Adlife was at all times material hereto an employer of Mr. Perkins for purposes of the FLSA.

115.   Mr. Albrizio has been, at all times material hereto, an employer of Mr. Perkins for purposes of the FLSA.

116.   The defendants' failure to pay Mr. Perkins overtime wages was done either willfully or with reckless disregard of the FLSA.

117.   The defendants' violation of the FLSA entitles Mr. Perkins to his unpaid overtime wages, interest, liquidated damages (in an amount equal to his unpaid overtime wages), reasonable attorney's fees, and the costs of pursuing this action.

**COUNT XVI – NON-PAYMENT OF WAGES IN VIOLATION OF
M.G.L. c. 149, §§ 148, 150 (as to plaintiff Levi Perkins)**

118.   The plaintiff hereby realleges and incorporates by reference the facts and allegations contained in the preceding paragraphs of this pleading as if fully set forth herein.

119.   The defendants failed to pay the plaintiff the full amount of his earned wages when the same became due and payable.

120.    The defendants violated the Massachusetts Weekly Payment of Wages Act, M.G.L. c. 149, §§ 148, 150.

121.    The plaintiff has received written assent to bring this civil action from the Massachusetts Office of the Attorney General, pursuant to M.G.L. c. 149, § 150, which is attached hereto and marked as Exhibit A.

**COUNT XVII – NON-PAYMENT OF OVERTIME WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. 201, ET SEQ.**
**(as to plaintiff Gina Veltri)**

122.    The plaintiff hereby realleges and incorporates by reference the facts and allegations contained in the preceding paragraphs of this pleading as if fully set forth herein.

123.    Adlife Marketing and Communications Company, Inc. is and at all times material hereto has been an "enterprise" within the meaning of Section 3(r) of the FLSA, and an "enterprise engaged in commerce or in production of goods for commerce," within the meaning of Section 3(s) of the FLSA.

124.    Adlife was at all times material hereto an employer of Ms. Veltri for purposes of the FLSA.

125.    Mr. Albrizio has been, at all times material hereto, an employer of Ms. Veltri for purposes of the FLSA.

126.    The defendants' failure to pay Ms. Veltri overtime wages was done either willfully or with reckless disregard of the FLSA.

127.    The defendants' violation of the FLSA entitles Ms. Veltri to her unpaid overtime wages, interest, liquidated damages (in an amount equal to her unpaid overtime wages), reasonable attorney's fees, and the costs of pursuing this action.

18

## COUNT XVIII – NON-PAYMENT OF WAGES IN VIOLATION OF
## M.G.L. c. 149, §§ 148, 150 (as to plaintiff Gina Veltri)

128.    The plaintiff hereby realleges and incorporates by reference the facts and allegations contained in the preceding paragraphs of this pleading as if fully set forth herein.

129.    The defendants failed to pay the plaintiff the full amount of her earned wages when the same became due and payable.

130.    The defendants violated the Massachusetts Weekly Payment of Wages Act, M.G.L. c. 149, §§ 148, 150.

131.    The plaintiff has received written assent to bring this civil action from the Massachusetts Office of the Attorney General, pursuant to M.G.L. c. 149, § 150, which is attached hereto and marked as Exhibit A.


## COUNT XIX – NON-PAYMENT OF OVERTIME WAGES IN VIOLATION OF THE FAIR
## LABOR STANDARDS ACT, 29 U.S.C. 201, ET SEQ.
## (as to plaintiff Christine Gagielo)

132.    The plaintiff hereby realleges and incorporates by reference the facts and allegations contained in the preceding paragraphs of this pleading as if fully set forth herein.

133.    Adlife Marketing and Communications Company, Inc. is and at all times material hereto has been an "enterprise" within the meaning of Section 3(r) of the FLSA, and an "enterprise engaged in commerce or in production of goods for commerce," within the meaning of Section 3(s) of the FLSA.

134.    Adlife was at all times material hereto an employer of Ms. Gagielo for purposes of the FLSA.

135.    Mr. Albrizio has been, at all times material hereto, an employer of Ms. Gagielo for purposes of the FLSA.

136.    The defendants' failure to pay Ms. Gagielo overtime wages was done either willfully or with reckless disregard of the FLSA.

137.    The defendants' violation of the FLSA entitles Ms. Gagielo to her unpaid overtime wages, interest, liquidated damages (in an amount equal to her unpaid overtime wages), reasonable attorney's fees, and the costs of pursuing this action.

### COUNT XX – NON-PAYMENT OF WAGES IN VIOLATION OF M.G.L. c. 149, §§ 148, 150 (as to plaintiff Christine Gagielo)

138.    The plaintiff hereby realleges and incorporates by reference the facts and allegations contained in the preceding paragraphs of this pleading as if fully set forth herein.

139.    The defendants failed to pay the plaintiff the full amount of her earned wages when the same became due and payable.

140.    The defendants violated the Massachusetts Weekly Payment of Wages Act, M.G.L. c. 149, §§ 148, 150.

141.    The plaintiff has received written assent to bring this civil action from the Massachusetts Office of the Attorney General, pursuant to M.G.L. c. 149, § 150, which is attached hereto and marked as Exhibit A.

### VI.    PRAYER FOR RELIEF AND JURY DEMAND

WHEREFORE, the plaintiffs, Nicole Phillips, Caroline Christian, Sean Sullivan, Jody Thompson, Margo Gorczynski, Jodie Trotto, Jennifer Levesque, Levi Perkins, Gina Veltri, and Christine Gagielo, pray that this Honorable Court:

1.    Enter final judgment against the defendants, awarding the plaintiffs three times their unpaid overtime wages, reasonable attorney's fees, and the costs of this action;

2.     Enter final judgment against the defendants, awarding the plaintiffs such other relief as it deems just, equitable, and appropriate.

THE PLAINTIFFS DEMAND A TRIAL BY JURY AS TO ALL COUNTS SO TRIABLE.

<div style="margin-left:40%">

Respectfully Submitted,
Nicole Phillips, Caroline Christian, Sean Sullivan, Jody Thompson, Margo Gorczynski, Jodie Trotto, Jennifer Levesque, Levi Perkins, Gina Veltri, and Christine Gagielo,

By their Attorneys,

**CLARK, HUNT, AHERN & EMBRY**

*/s/ Joshua D. Krell*
_____
Joshua D. Krell, Esq. (561619)
Corey H. Surett, Esq. (488620)
150 CambridgePark Drive
Cambridge, MA 02140
(617) 494-1920
jkrell@chelaw.com
surettjd@gmail.com

</div>