UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 1:13-cv-12372-WGY

|   |   |
|---|---|
| NICOLE PHILLIPS, et al., | ) |
| Plaintiff, | ) |
| v. | ) |
| ADLIFE MARKETING AND COMMUNICATIONS COMPANY, INC., et al., | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF JOINT MOTION TO AMEND COMPLAINT TO ADD ONE PLAINTIFF AND TO APPROVE SETTLEMENT**

The parties have agreed to settle this action and seek to have this Court approve that settlement. At the time the complaint was filed on September 25, 2013, there were 10 individual Plaintiffs. Since that time, one additional individual, Kathryn Fleming, has indicated her desire to become a Plaintiff to this action, and the parties engaged in settlement discussions as if she were a party. The parties thus wish to add her to this action as a Plaintiff so that she may participate in the settlement. The parties have memorialized their agreement in the form of 11 separate settlement agreements (the "Settlement Agreements"), which are attached to the Joint Motion to Approve filed contemporaneously with this memorandum. Each of the individual Plaintiffs has approved their individual settlement agreement and has agreed to execute it if it is approved by the Court.[1] *See* Affidavit of Joshua Krell, attached hereto as Exhibit A.

---

[1] One plaintiff, Margo Gorczynski, has recently left the employ of the Defendant, Adlife Marketing and Communications Co., Inc., so her settlement agreement also accounts for this.

As explained below, the Settlement Agreements arose from arms'-length negotiations between the parties' respective counsel.  The Settlement Agreements reflect a compromise that takes into account the strengths and weaknesses of the parties' respective positions, as well as the risks and costs associated with continued litigation.

As each of the Plaintiffs has brought a claim under the FLSA, the Settlement Agreements must be approved by the Court as fair and reasonable before they can be effective.  *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982) (citing *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945)).  Accordingly, the parties respectfully request that the Court enter an order substantially in the form attached to the Joint Motion to Approve at Exhibit L, which approves the Settlement Agreements as required in connection with the settlement of any claims under the FLSA.

## Factual and Procedural Background

Each of the 10 Plaintiffs, plus Ms. Fleming, was or is an employee of Adlife.  Joel Albrizio became Adlife's president in July 2011.  In or about 2012, the Department of Labor ("DOL") commenced an investigation into Adlife's pay practices and requested payroll information for 38 employees for the period July 2011 through May 2012.  The DOL calculated that the 11 plaintiffs were due $12,530.57 in overtime compensation.  Before that investigation concluded, the DOL decided not to pursue it and notified each of the 38 individuals over the summer that they could proceed with a private action if they so desired.  The Plaintiffs are the only parties who have pursued individual claims against Adlife.[2]  The Plaintiffs each claim that they worked overtime during the 10-month period of July 2011 through May 2012 for which they were not paid.  The

---

[2]  The Massachusetts Attorney General's Office recently notified the Defendants that it would be pursuing claims on behalf of the 27 individuals who did not pursue claims in this action.  The Defendants have resolved those claims with the AG.

Defendants believed (and continue to believe) that the Plaintiffs were exempt from the FLSA's overtime requirements pursuant to the creative professional and/or administrative exemptions, and paid them on a salary basis. Accordingly, Adlife did not require the Plaintiffs to report time worked, and paid them a set salary each week regardless of the hours they worked. Adlife also believes that the Plaintiffs worked very little, if any overtime during this period.

On September 25, 2013, the Plaintiffs filed this action, alleging that the Defendants violated the FLSA and the Massachusetts Wage Act by failing to pay them overtime for hours worked in excess of forty hours during a workweek. While the parties reached a settlement before the Defendants filed a response to the complaint, the Defendants deny the Plaintiffs were misclassified as exempt and that they worked the amount of overtime they claim.

## Argument

The Settlement Agreements will resolve the claims of the Plaintiffs. Adlife will pay a total of $27,795.86 to the Plaintiffs and their counsel. Each plaintiff will receive 150% of the amount calculated by the DOL to be due and Plaintiffs' counsel will receive $9,000 in attorneys' fees and costs. As set forth above, each of the Plaintiffs have agreed to settle if it is approved by the Court and to execute and return their respective Settlement Agreement in exchange for their settlement payment. *See* Krell Affidavit, ¶2.

In a case like this under the FLSA, employees can potentially recover back pay and liquidated damages for the default 2-year statute of limitations period from when the complaint is filed and, potentially, an additional third year period.[3] The time period at issue in this case was finite – July 2011 through May 2012. The complaint was filed on September 25, 2013, so it was

---

[3] However, the 3-year statute of limitations applies only to "willful" violations of the FLSA. Therefore, in order to recover damages in the third year of the limitations period, plaintiffs would have to prove Defendants committed willful violations of the FLSA. The parties dispute whether the Defendants engaged in willful conduct.

3

always the Defendants' position that the Plaintiffs could only claim damages dating back to September 25, 2011, which cuts off almost 3 months of the 10 month period at issue. This settlement provides for a payment of 150% of the amount of total back pay the DOL calculated for the entire 10-month period. Given how quickly the parties were able to reach settlement, this settlement is certainly fair and reasonable here.

Continuing to litigate posed risks to the Plaintiffs. Those risks included, for example, the possibility that the Defendants' defenses may succeed and the Court would award summary judgment to Defendants. Further, settlement allows the Plaintiffs to receive a guaranteed recovery in the short term, without having to wait until this case is resolved at trial or even possibly on appeal. Accordingly, in light of all the risks and delays associated with continuing to litigate, the settlement agreements provide the Plaintiffs with an excellent recovery.

## Conclusion

For all of the foregoing reasons, the Court should allow the Joint Motion to Amend Complaint to Add One Plaintiff and to Approve Settlement, grant approval of the Settlement and issue an order substantially in the form of Exhibit L to the Motion.

DATED: December 19, 2013                    Respectfully submitted,

**NICOLE PHILLIPS, et al.,**

By their attorneys,

*/s/ Joshua D. Krell*
Joshua D. Krell (BBO#561619)
Corey H. Surett (BBO#488620)
Clark, Hunt, Ahern & Embry
150 CambridgePark Drive
Cambridge, MA 02140
Tel. 617-494-1920
jkrell@chelaw.com
surettjd@gmail.com

                  **ADLIFE MARKETING AND**
                  **COMMUNICATIONS COMPANY, INC.,**
                  **et al.,**
                  By their attorneys,

                  /s/ *Elise Busny*
                  Elise Busny (BBO#600320)
                  Margaret M. Pinkham (BBO#561920)
                  PINKHAM BUSNY LLP
                  42 Pleasant Street
                  Woburn, MA 01801
                  Tel. 781-933-9840
                  mpinkham@pinkhambusny.com
                  ebusny@pinkhambusny.com

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document was delivered to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants on the above date.

                  */s/ Elise Busny*
                  Elise Busny

Dated:  December 19, 2013